JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

SUMMER A. JOHNSON
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Summer.johnson@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HORTENCIA SUAZO, | Case No. 2:21-cv-01822-ART-EJY |
| Plaintiff, | **STIPULATION AND ORDER FOR EXTENSION OF TIME** |
| v. | **(Fourth Request)** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Hortencia Suazo ("Plaintiff") and Defendant United States of America ("Defendant"), hereby stipulate to, and jointly request, an extension of the remaining deadlines in the discovery plan and scheduling order by 60 days. This stipulation is supported by Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 26-3.

## INTRODUCTION

Defendant has exercised diligence in subpoenaing Plaintiff's medical and other records. Following receipt of a complete set of medical records, Defendant learned that it had not received *all* the radiological images it had previously sought from Plaintiff's medical provider, Concentra Medical Centers. Plaintiff had significant radiological studies completed before the subject accident due to a prior accident and prior Worker's Compensation injuries. The complete set of Concentra radiological images were sought from Concentra and were received in April 2023.

Defendant also took Plaintiff's deposition in March 2023. Following review of the deposition transcript, Defendant identified additional fact issues relating to the scope of Plaintiff's claimed physical injuries and medical damages. Defendant has determined that one additional round of written discovery will serve to clarify the injuries and claims for damage sought by Plaintiff in this action.

The review and analysis of a complete set of Plaintiff's medical records, including historical radiological records, and the confirmation of the nature and extent of injuries claimed by the Plaintiff are critical to both a meaningful review of the case by Defendant's experts and efforts by the parties to attempt to settle the case. For those reasons, good cause exists to extend the remaining deadlines in the case by 60 days.

## DISCOVERY COMPLETED

In February 2022, the parties served their initial disclosures. Defendant submitted interrogatories and requests for production to Plaintiff. The parties retained expert witnesses. In July 2022[1], Defendant issued 20 subpoenas seeking records from various medical providers who treated Plaintiff. Many months of follow up to ensure receipt of all of the needed medical and billing records ensued. In August 2022, Defendant served its First Supplemental Disclosures. In November 2022, Defendant issued additional subpoenas to additional medical providers. In November 2022, Defendant served its Second Supplemental Disclosures. Also that month Defendant served its Second Request for Production of Documents and Second Set of Interrogatories. After a requested extension, Plaintiff served its responses in January 2023. In January 2023, Defendant served the subpoena for production of Plaintiff's Worker's Compensation Records. In February 2023, Defendant served its Third Supplemental Disclosures. In March 2023, Defendant took the deposition of Plaintiff Hortencia Suazo. In April 2023, additional radiological images were received from Concentra. In May 2023, the Defendant's served its Fourth Supplemental Disclosures which included the new Concentra radiological images.

---

[1] Request was made by the Defendant for the Plaintiff's executed HIPAA authorizations beginning in May 2022 but was not actually received by Defendant until July 2022, following which the 20 subpoenas were issued by Defendant.

1  *See* LR 26-3(a) (stipulation to extend deadlines must provide a "statement specifying the
2  discovery completed")

### DISCOVERY THAT REMAINS TO BE COMPLETED

The parties anticipate the need for additional discovery, as follows: Defendant anticipates propounding one additional set of written discovery to Plaintiff to clarify issues discovered at Plaintiff's recent deposition. Defendant's expert doctors plan to examine Plaintiff; the parties' experts expect to issue reports opining about Plaintiff's alleged injuries; the parties anticipate deposing designated experts, third party witnesses and treating physicians; and Plaintiff expects to depose the FBI agent driver identified in the complaint. *See* LR 26-3(b) (stipulation to extend deadlines must provide a "specific description of the discovery that remains to be completed").

### GOOD CAUSE EXISTS TO EXTEND THE DEADLINES

Following Defendant's deposition of Plaintiff, additional fact issues relating to her physical injuries and medical damages were discovered. Defendant believes that one round of additional written discovery will provide meaningful light on the extent and severity of Plaintiff's injuries and damages will be necessary in order for Defendant's experts to meaningfully opine on the nature and extent of Plaintiff's injuries and the causation thereof.

Additionally, Defendant learned that it had not received all the radiological images it had previously sought from Plaintiff's medical advisors. Plaintiff had significant radiological studies completed before the subject accident due to a prior accident and prior Worker's Compensation injuries. Defendant recently received those images, has produced those images to Plaintiff and will need additional time for Defendant's experts to review the images and make comparative studies to determine the extent to which Plaintiff's prior injuries in similar bodily areas were the causation of Plaintiff's injuries and damages. Plaintiff needs additional time to review the impact of the records as well.

Further, the undersigned counsel for the Defendant currently has a 5-day trial scheduled to begin on July 10, 2023, in *Tucker v. United States*, Case No. 2:18-cv-02255-

VCF, before Magistrate Judge Ferenbach. The current timing of Disclosure of Rebuttal Experts and Close of Discovery are impacted by the necessary trial preparation that will need to take place by the undersigned during that time frame.

And finally, the U.S. Attorney's Office remains very busy, having five civil AUSA departures over the course of this past year. Two of those positions were recently filled. Three positions remain unfilled in the relatively small Civil Division. The vacancies have required that the departing AUSAs assigned cases were reassigned to the few remaining AUSAs that handle civil cases. Those case reassignments required the remaining AUSAs, including AUSA Johnson, to get up to speed with new cases and meet additional and unforeseen case deadlines in other cases. Therefore, an extension will provide the parties the necessary time to complete discovery in this case. For the reasons set forth above, the Parties believe good cause exists to extend the discovery deadlines in this matter.

Under the circumstances, the parties' extension request is supported by good cause. See Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time…with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]") (emphasis added); LR 26-3(c) (stipulation to extend deadlines must provide the "reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan").

## THE PROPOSED REVISED SCHEDULE

A 90-day extension of the remaining deadlines in the case would result in the following revised schedule:

|  | Current Due Date: | Proposed Due Date: |
|---|---|---|
| Initial Expert Disclosures | June 6, 2023 | August 7, 2023[2] |
| Rebuttal Expert Disclosures | July 6, 2023 | September 6, 2023 |

---

[2] In the event a deadline occurs on a Saturday, Sunday or legal holiday recognized by the Federal Rules of Civil Procedure (or the Court's Local Rules), then the time for complying with the deadline shall be extended to the next business day.

4

| | | |
|---|---|---|
| Close of Discovery | August 6, 2023 | October 6, 2023 |
| Dispositive Motions | September 5, 2023 | November 6, 2023 |
| Joint Pre-Trial Order | October 5, 2023 | December 4, 2023 |

This is the parties' fourth request for an extension of time. See LR IA 6-1(a) (must advise of previous extensions). This stipulation is made in good faith and not for the purpose of undue delay.

DATED: May 19, 2023

JASON M. FRIERSON
United States Attorney

/s/ Summer A. Johnson
SUMMER A. JOHNSON
Assistant United States Attorney
Attorneys for the United States

STOVALL & ASSOCIATES

/s/ Ross H. Moynihan
ROSS H. MOYNIHAN, ESQ.
Attorneys for Plaintiff

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE
DATE: May 19, 2023

5